UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:11-CR-046 |
| | ) | |
| TRAVIS W. MOORE | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 389]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded in partial opposition to the motion [doc. 395], ultimately deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons that follow, the defendant's request will be granted but only in small part.

I.  Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "The authorization of such a discretionary reduction . . . <u>does not entitle a defendant to a reduced term of imprisonment as a matter of right</u>." U.S.S.G. § 1B1.10 cmt. background (2015) (emphasis added).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014).

Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated February 2, 2012, this court sentenced the defendant to a 100-month term of imprisonment as to each of Counts One and Two (methamphetamine conspiracies), to be served concurrently for a total term of 100 months. The defendant's guideline range was 100 to 125 months, based on a total offense level of 27 and a criminal history category of IV. According to the Bureau of Prisons, the defendant is presently scheduled for release on September 10, 2019.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The United States did not file a substantial assistance motion in this case.

3

## III. Analysis

Applying Amendment 782, the defendant's new guideline range is 84 to 105 months, based on a total offense level of 25 and a criminal history category of IV. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant's requested 84-month sentence is not warranted in this case.

The defendant has been sanctioned for at least five disciplinary infractions while incarcerated. Three of those sanctions were for use of Suboxone – all occurring in 2016. The other two were for tattooing. It is bothersome to the court is that the defendant was sanctioned for tattooing in 2014 but then repeated the very same infraction the following year.

The defendant is in Bureau of Prisons custody for committing controlled substance offenses. His criminal history includes other controlled substance and public intoxication crimes, along with at least two probation revocations. His Presentence Investigation Report describes a virtual lifetime of polysubstance abuse which undoubtedly fueled his prior criminal conduct. In light of the defendant's substance abuse history and prior

4

violations of the law, his continued misconduct while in Bureau of Prisons custody is a serious concern.

Having weighed all the above-cited facts and considerations, the court finds that the defendant should only be granted a partial sentence reduction of three months. While the court has considered all of the applicable 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 factors, it is specifically noted that the defendant's disciplinary infractions while incarcerated - paired with his history and characteristics - reinforce the need to promote respect for the law, protect the public from further crimes by this defendant, and adequately deter criminal conduct by this defendant once he begins his term of supervised release. *See* 18 U.S.C. § 3553(a)(2). As noted above, "[t]he authorization of . . . a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. background.

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 389] is **GRANTED IN PART**. The defendant's term of imprisonment is reduced to 97 months as to each of Counts One and Two, to be served concurrently for a total reduced term of **97 months**. Except as provided above, all provisions of the judgment dated February 2, 2012, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge